IN RE VALIDATION BONDS, CITY OF MOSS POINT.

(Division B.   Sept. 24, 1934.)

[156 So. 516.   No. 31368.]

**F. S. McInnis**, of Moss Point, and **Mize, Thompson & Mize**, of Gulfport, for appellant.

Ford, White & Morse, of Pascagoula, for cross-appellants and appellees.

Argued orally by **F. S. McInnis** and **S. C. Mize**, for appellant, and by **E. J. Ford** and **J. I. Ford**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The municipal authorities of the city of Moss Point attempted to take the statutory steps for the issuance of the bonds of the city in the aggregate sum of one hundred thousand dollars for three separate objects, to-wit, fifty-five thousand dollars, to erect and equip an elementary school building; forty thousand dollars to pave certain named streets; and five thousand dollars, to purchase and install water meters. The three objects were adequately stated on the ballots furnished to the voters, but the ballot was so arranged that the voters were required to vote for or against the three objects as a single

proposition, and were not permitted to express their wishes upon the merits of each object separately. The combined proposition received a small majority at the election; but, when the proposed bonds were attempted to be validated, objections were interposed by proper parties, and the chancellor held that, for the reason above mentioned, the election was ineffective and the bonds invalid.

The rule seems to be well established, with but little, if any, dissent therefrom, that, where an election is required to be held on the question of incurring municipal indebtedness, two or more propositions, if separate and distinct in their character, cannot be combined into one and submitted as a single question, but the voters must have the opportunity to vote separately on each of the separate and distinct propositions, unless the particular statute under which the election is held expressly or by clear implication allows a departure from the rule. 44 C. J., p. 1138; 19 R. C. L., p. 999; Winston v. Bank, 158 N. C. 512, 74 S. E. 611; Stern v. Fargo, 18 N. D. 289, 122 N. W. 403, 26 L. R. A. (N. S.) 665, and the numerous cases cited therein. This rule is founded upon the general policy or principle, which pervades the laws of nearly all our states, that elections must be conducted by such means and in such manner as to ascertain, so far as practicable, the true and untrammeled will of the electorate —a policy or principle which is held aloft and is sanctioned in a hundred ways throughout the laws of this state. The courts call attention to the fact that, if distinct and separate objects were permitted to be submitted in combination as a single proposition, an objectionable, or even an odious, object might be carried because thus connected with another of such compelling merit as to force adoption, while, on the other hand, a meritorious and essential object might be defeated by its combination as a single proposition with an unpopular and undesired object, so that by such combination of sep-

arate and unrelated objects the true and untrammeled will of the electorate is not expressed or ascertained.

Appellant concedes that the general rule of law is as above stated, but submits that the decisions in our state have not followed the rule, but have held to the contrary, and appellant cites and relies on Kemp v. Hazlehurst, 80 Miss. 443, 31 So. 908, and Yazoo City v. Lightcap, 82 Miss. 148, 33 So. 949, 951, as sustaining its contention. In the Kemp case the objects submitted as a single proposition were for ''the erection of waterworks and an electric light plant,'' and in the Lightcap case the objects were for ''sewerage, waterworks, and electric lights.'' In the recent case, Green v. Hutson, 139 Miss. 471, 104 So. 171, the particular objects were for ''establishing a water, light, and sewerage system,'' and, in responding to the objection that a plurality of purposes was submitted as one proposition, the court said: ''We cannot agree with counsel on this point, because the issuance of bonds was for one object, the common purpose of establishing a municipal plant to supply the needs of the inhabitants with public necessities of a similar character.'' Construing these decisions together, their force and the extent thereof as precedents is that the bonds involved in each of them were for a single object, or objects of an allied or similar character, and might therefore be submitted in combination as a single proposition. These cases are therefore no authority for the contention that separate, distinct, and unrelated objects may be submitted in combination as a single proposition, as was done in the case now before us.

Inasmuch as the conclusion reached on the point above dealt with results in an affirmance of the decree, it is not necessary to decide the second question or objection presented and argued, and we therefore pretermit a statement or discussion of it.

Affirmed.